2104-59

**DeORCHIS & PARTNERS, LLP**
61 Broadway, 26th Floor
New York, New York 10006-2802
(212) 344-4700

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN HOME ASSURANCE COMPANY,

                    Plaintiff,                  08 CIV. 6343

    -against-                      **ANSWER AND**
                                        **THIRD-PARTY COMPLAINT**

UPS SUPPLY CHAIN SOLUTIONS, INC.,

                    Defendant.
------------------------------------------------------------X
UPS SUPPLY CHAIN SOLUTIONS, INC.,

                    Third Party Plaintiff,

    -against-
LUFTHANSA CARGO AG; AMENDOLA
RIGGING a/k/a AMENDOLA TRUCKING
AND RIGGING INC.;
and, DOES 1-10, inclusive,

                    Third Party Defendants.
------------------------------------------------------------X

            Defendant and Third Party Plaintiff, UPS SUPPLY CHAIN SOLUTIONS, INC.

("UPS"), by its attorneys, DeOrchis & Partners, LLP, as and for its Answer to Plaintiff's

Complaint, alleges upon information and belief as follows:

## **JURISDICTION**

        1.     Denies knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph FIRST of Plaintiff's Complaint.

## PARTIES

2.      Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph SECOND of Plaintiff's Complaint.

3.      Admits the allegations contained in Paragraph THIRD of Plaintiff's Complaint.

## FIRST CAUSE OF ACTION

4.      Admits that on or about June 18, 2007 UPS acknowledged the receipt of a cargo then and there being in external apparent good order and condition under House Air Waybill 5400943207, and agreed to transport the said cargo from Frankfort, Germany to Hartford, Connecticut but except as so specifically admitted denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph FOURTH of Plaintiff's Verified Complaint.

5.      Denies each and every allegation contained in paragraph FIFTH of Plaintiff's Verified Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph SIXTH of Plaintiff's Complaint.

7.      Denies each and every allegation contained in paragraph SEVENTH of Plaintiff's Verified Complaint.

**AS AND FOR AFFIRMATIVE DEFENSES TO THE**
**CLAIMS SET FORTH IN THE COMPLAINT, DEFENDANT and UPS SUPPLY CHAIN**
**SOLUTIONS, INC.**
**ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

8.    Repeats and realleges each and every admission, denial and denial of knowledge or information contained in Paragraphs 1 through 7 inclusive of this Answer, with the same force and effect as if herein set forth at length.

### FIRST AFFIRMATIVE DEFENSE

9.    The complaint fails to state facts sufficient to constitute a cause of action against UPS.

### SECOND AFFIRMATIVE DEFENSE

10.    The plaintiff, its subrogors, agents, representatives, and/or predecessors-in-interest did not exercise ordinary care, caution or prudence to avoid the alleged loss and the alleged loss, if any, sustained by the plaintiff was proximately caused and contributed by the negligence and fault of the plaintiff, its subrogors, agents, representatives and/or predecessors-in-interest. Said negligence and fault bars the plaintiff's recovery from UPS or comparatively reduces the percentage of fault, if any, of UPS.

### THIRD AFFIRMATIVE DEFENSE

11.    UPS is informed and believes and thereon alleges that the alleged loss, if any, was caused by the fault and neglect of third parties for which UPS is not responsible or liable. Said fault and neglect comparatively reduces the percentage of fault, if any, of UPS.

### FOURTH AFFIRMATIVE DEFENSE

12.    The plaintiff, its subrogors, agents, representatives, and/or predecessors-in-interest failed to mitigate its alleged damages and its recovery herein, if any, should be diminished in a sum equivalent to that portion of its damages that it could have mitigated.

### FIFTH AFFIRMATIVE DEFENSE

13.    If any loss or damage did occur to the subject cargo, none of said loss or damage was caused or contributed to by any fault or neglect on the part of UPS, but rather from a cause or causes from which UPS is expressly exempted and/or limited from responsibility under the applicable treaties, conventions, laws, and/or terms and conditions of the contract(s) applicable to the handling and transportation of the subject cargo, including, but not limited to, a contractual limitation of liability. UPS claims the benefit of each and every provision contained in said treaties, conventions, laws, and/or contract(s) and requests leave to amend this answer and to offer proof thereof when more fully advised of the details concerning said loss or damage.

### SIXTH AFFIRMATIVE DEFENSE

14.    The plaintiff, its subgrogors, agents, representatives and/or predecessors-in-interest failed to meet a condition precedent by failing to file a timely written notice of claim according to the terms of the applicable treaties, conventions, laws and/or transportation contract(s), and is therefore barred from any recovery from UPS.

### SEVENTH AFFIRMATIVE DEFENSE

15.    The plaintiff is not entitled to recover from UPS because the loss alleged occurred through no fault or negligence of UPS.

### EIGHTH AFFIRMATIVE DEFENSE

16.    UPS is not liable for special or consequential damages under the applicable terms and conditions of service, special contracts, tariff, way bill, delivery document and/or at common law, or under applicable treaties, conventions, and/or laws.

### NINTH AFFIRMATIVE DEFENSE

17.    The plaintiff is estopped from claiming the damages alleged in the complaint from UPS.

### TENTH AFFIRMATIVE DEFENSE

18.    The plaintiff has waived all rights, if any, that it may have had to seek relief from UPS.

### ELEVENTH AFFIRMATIVE DEFENSE

19.    UPS alleges that the complaint, and every cause of action alleged therein, is barred under the equitable doctrine of laches.

### TWELFTH AFFIRMATIVE DEFENSE

20.    The plaintiff lacks standing to pursue UPS because, *inter alia*, the plaintiff is not the owner of the cargo alleged to have been lost.

### THIRTEENTH AFFIRMATIVE DEFENSE

21.    UPS claims the benefit of any other party's applicable waybill(s), bill(s) of lading, delivery document, Terms and Conditions of Service, tariffs or special contract(s), which are incorporated herein as if set forth at length.  UPS requests leave to amend this answer and to offer proof thereof when more fully advised of the details concerning said loss or damage.

### FOURTEENTH AFFIRMATIVE DEFENSE

22.    The plaintiff has released all rights, if any, that it may have had to seek relief from UPS.

### FIFTEENTH AFFIRMATIVE DEFENSE

23.    UPS alleges that the complaint, and every cause of action alleged therein, is barred under the applicable statute of limitations and/or applicable contractual limitations period.

## SIXTEENTH AFFIRMATIVE DEFENSE

24.    UPS alleges that the complaint is improperly venued in this district.

## AS AND FOR A THIRD-PARTY COMPLAINT
## AGAINST THIRD PARTY DEFENDANTS LUFTHANSA CARGO AG, AMENDOLA
## RIGGING a/k/a AMENDOLA TRUCKING AND RIGGING INC.,
## and, DOES 1-10, inclusive,

COME NOW Defendant and Third-party Plaintiff UPS SUPPLY CHAIN

SOLUTIONS, INC. ("UPS") and alleges as follows:

## JURISDICTION

25.    This Court has jurisdiction over this third-party complaint because it arises

out of the transaction or occurrence that is the subject matter of the original action, and UPS

alleges that the third-party defendants, and each of them, are or may be liable to UPS for all or

part of the claims asserted against UPS in the original action.  Alternatively, this Court has

supplemental jurisdiction over UPS's third-party complaint. See Fed. R. Civ. P. 13(g), 28 U.S.C.

§ 1367(a).

## GENERAL ALLEGATIONS

26.    UPS SUPPLY CHAIN SOLUTIONS, INC. is and at all material times

herein was, a corporations duly organized and existing according to New York law.

27.    UPS is informed and believes, and thereon alleges, that third-party

defendant LUFTHANSA CARGO AG ("LUFTHANSA") is, and at all times relevant herein

was, a corporation organized under the laws of, and with their principal place of business in,

certain of the fifty states or foreign sovereigns.

28.    UPS is informed and believes, and thereon alleges, that third-party

defendant AMENDOLA RIGGING a/k/a AMENDOLA TRUCKING AND RIGGING INC.

("AMENDOLA") is, and at all times relevant herein was, a corporation organized under the laws of, and with their principal place of business in, certain of the fifty states.

29.    UPS does not know the true names of third-party defendants sued herein as Does 1 through 10, inclusive, each of which is responsible for the events and matters herein referenced, and each of which caused or contributed to the damage herein set forth. Accordingly, UPS sues said third-party defendants by such fictitious names. UPS will amend its third-party complaint to show the true names of said third-party defendants when UPS ascertains the same.

30.    AMERICAN HOME ASSURANCE COMPANY a/s/o YALE UNIVERSITY ("Plaintiff") filed a complaint in this court against UPS alleging that UPS caused damage to YALE UNIVERSITY. A copy of that complaint is attached hereto as Exhibit "A." UPS has responded to AMERICAN HOME ASSURANCE COMPANY's complaint by denying any liability on its part and by asserting various affirmative defenses.

31.    UPS is informed and believes, and thereon alleges, that third-party defendants LUFTHANSA CARGO AG, AMENDOLA RIGGING a/k/a AMENDOLA TRUCKING AND RIGGING INC., and Does 1 through 10, and each of them (collectively, the "Third-Party Defendants"), were negligent or in breach of contract or in some other actionable manner legally responsible for the events and happenings referred to in Plaintiff's complaint, and for proximately causing the damages and/or loss incurred by YALE UNIVERSITY, if any, as alleged in its complaint.

## FIRST CAUSE OF ACTION
### *Indemnification against the Third-Party Defendants*

32.     UPS realleges as though fully set forth at length and incorporated herein by this reference all of the allegations of paragraphs 25 through 31, inclusive, of the general allegations of its third-party complaint.

33.     UPS is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged in PLaintiff's complaint. But if UPS is nevertheless found liable under any legal theory for any damages or injuries alleged in the lawsuit, then UPS is informed and believes, and thereon alleges, that the negligent or other actionable conduct or activity of the Third-Party Defendants, and each of them, was active, primary, and affirmative, and that any negligent or other actionable conduct or activity on the part of UPS, if any, was, at most, only passive, derivative, and secondary.

34.     Accordingly, if UPS is held liable for any part of the claims asserted against it, UPS is entitled to total indemnification from the Third-Party Defendants, and each of them, so that UPS can recoup from and be reimbursed by the Third-Party Defendants, and each of them, any sum or sums that UPS must pay to Plaintiff or to any other party to this action.

35.     By reason of the foregoing allegations, UPS has incurred and/or paid expenses for the defense of Plaintiff's complaint, including, but not limited to, attorneys' fees, court costs, expenses, and damages. UPS will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action. Based on the foregoing, UPS seeks and is entitled to be indemnified and held harmless by the Third-Party Defendants, and each of them, for UPS' attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing. The aforementioned expenses are continuing and the aggregate amount is not presently known to UPS, which prays leave to amend

its third-party complaint to assert the true amount of such expenses when they have finally been ascertained.

## SECOND CAUSE OF ACTION
### *Partial Equitable Indemnification against the Third-Party Defendants*

36.    UPS realleges as though fully set forth at length and incorporated herein by this reference all of the allegations of paragraphs 25 through 35, inclusive, of the general allegations of its third-party complaint.

37.    UPS is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged in Plaintiff's complaint. But if UPS is nevertheless found liable under any legal theory for any damages or injuries alleged in Plaintiff's complaint, then UPS is informed and believes, and thereon alleges, that the negligent or other actionable conduct or activity of the Third-Party Defendants, and each of them, was, at least in part, the contributing and substantial proximate cause of Plaintiff's damages and injuries, if any.

38.    By reason of the foregoing allegations, UPS will be damaged to the extent that it must pay any sum, or any sum in excess of its proportionate share of liability, if any, as assessed by the trier of fact.

39.    Accordingly, if UPS were to be held liable for any part of the claims asserted against it, UPS would be entitled to partial equitable indemnification by the Third-Party Defendants, and each of them, in proportion of those parties' share of the liability, so that UPS would avoid payment of any sum or sums to or any other party, or any sum in excess of UPS' proportionate share of liability, if any.

40.    By reason of the foregoing allegations, UPS has incurred and/or paid expenses for the defense of the above-captioned lawsuit, including, but not limited to, attorneys' fees, court costs, expenses, and damages. UPS will also likely incur future additional attorneys'

fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action. Based on the foregoing, UPS seeks and is entitled to be indemnified and held harmless, at least in part, by the Third-Party Defendants, and each of them, for UPS' attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing. The aforementioned expenses are continuing and the aggregate amount is not presently known to UPS, which prays leave to amend its third-party complaint to assert the true amount of such expenses when they have finally been ascertained.

### THIRD CAUSE OF ACTION
#### *Contribution against the Third-Party Defendants*

41.    UPS realleges as though fully set forth at length and incorporated herein by this reference all of the allegations of paragraphs 25 through 40, inclusive, of the general allegations of its third-party complaint.

42.    UPS is informed and believes, and thereon alleges, that it is in no way responsible for the injuries or damages alleged in Plaintiff's complaint. But if UPS is nevertheless found liable under any legal theory for any damages or injuries alleged in the complaint, then UPS is informed and believes, and thereon alleges, that the negligent or other actionable conduct or activity of the Third-Party Defendants, and each of them, was the contributing and substantial proximate cause of Plaintiff's damages and injuries, if any.

43.    By reason of the foregoing allegations, UPS will be damaged to the extent that it must pay any sum, or any sum in excess of its proportionate share of liability, if any, as assessed by the trier of fact.

44.    Accordingly, if UPS were to be held liable for any part of the claims asserted against it, UPS would be entitled to contribution by the Third-Party Defendants, and each of them, in proportion those parties' share of the liability, so that UPS would avoid payment

of any sum or sums to Plaintiff, or any sum in excess of UPS' proportionate share of liability, if any.

       45.    By reason of the foregoing allegations, UPS has incurred and/or paid expenses for the defense of the above-captioned lawsuit, including, but not limited to, attorneys' fees, court costs, expenses, and damages. UPS will also likely incur future additional attorneys' fees, court costs, expenses, and damages by reason of any judgment or settlement with any party to this action. Based on the foregoing, UPS seeks and is entitled to be indemnified and held harmless by the Third-Party Defendants, and each of them, for UPS' attorneys' fees, court costs, expenses, and damages incurred, paid, and/or owing. The aforementioned expenses are continuing and the aggregate amount is not presently known to UPS, which prays leave to amend its third-party complaint to assert the true amount of such expenses when they have finally been ascertained.

WHEREFORE, Defendant and Third-Party Plaintiff, UPS, prays:

    a)  That the Court adjudge that it has no liability for any loss or damage alleged in the Complaint and that it has and recover from Plaintiff its costs of defense incurred herein;

    b)  that the Complaint be dismissed;

AND if liability is found against them:

    c)  For a judgment against the Third-Party Defendants, and each of them, by way of total indemnification for any sum adjudged against UPS, if any, in favor of Plaintiff;

    d)  For a judgment against the Third-Party Defendants, and each of them, by way of contribution and/or partial equitable indemnification, according to proof of contributory and/or comparative liability for any sum adjudged against UPS, if any, in favor of Plaintiff, or any other

parties herein, which sum is in excess of the proportionate share of UPS' liability, if any, as

assessed by the trier of fact;

    e)  For a judgment against the Third-Party Defendants, and each of them, for UPS' attorneys'

fees, court costs, expenses, and damages incurred in the litigation against Plaintiff, and expense

and other costs of suit incurred herein; and

    f)  For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 29, 2008

                    DEORCHIS, & PARTNERS, LLP
                    Attorneys for Defendant and Third-Party Plaintiff
                    UPS SUPPLY CHAIN SOLUTIONS, INC..

                    By: /s/ William E. Lakis
                         **William E. Lakis (WL-9355)**
                         61 Broadway, 26th Floor
                         New York, New York  10006-2802
                         (212) 344-4700
                         Our File:  2104-59

T O :